UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MANUEL DE JESUS OLIVO,
Petitioner,
v.
JAMES JANECKA, et al.,
Respondents.

Case No. 5:26-cv-06236-PD

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**

**A# 074-424-686**

Manuel De Jesus Olivo ("Petitioner") filed a counseled, verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1. Pursuant to General Order 26-05, Respondents' answer was due October 29, 2026. Dkt. No. 5. Respondents did not file an answer by that deadline, and as of the date of this Order, have not filed a response. For the reasons stated below, the Petition is granted.

## I. Background

Petitioner is a native and citizen of El Salvador who came to the United States as a twelve-year-old child in November 1989 and has lived in Southern California ever since—approximately 37 years. Dkt. No. 1, Petition ¶¶ 1, 9. In 2010, Immigration and Custom Enforcement ("ICE") arrested Petitioner and

placed him in removal proceedings. *Id.* ¶ 2. An Immigration Judge ("IJ") reviewed his custody and ordered him released on bond. *Id.* On August 22, 2011, the Immigration Court administratively closed his removal proceedings. *Id.* There is no order of removal against Petitioner. *Id.*

On or about October 15, 2026, without notice, without any hearing, and without any showing of changed circumstances, ICE officers followed Petitioner's car as he drove to work before dawn, boxed it in, and arrested him. *Id.* ¶ 3. The officers displayed a handwritten paper that they called a "warrant" but that did not bear Petitioner's name and then took it back. *Id.* Petitioner states that although he was not resisting, an officer struck him several times in the ribs. *Id.* Petitioner was held at an ICE facility in San Bernardino for approximately a day and a half and then transferred to Adelanto, where he remains. *Id.*

Petitioner is married to a United States citizen and has three United States citizen children, ages 30, 25 and 17. *Id.* ¶ 18. His mother and siblings are lawful permanent residents of the United States and his wife is preparing an I-130 Petition for Alien Relative on his behalf. *Id.* Petitioner is employed in construction as a foreman for Jcon Construction and was driving to work when ICE arrested him. *Id.*

Immigration authorities have known of Petitioner since at least 1995. *Id.* ¶ 19. Petitioner's A-file contains an application for employment authorization dated June 30, 1995, when he was seventeen years old, describing him as an applicant under the ABC settlement, together with an asylum application form. *Id.*

Between 1996 and 2007, Petitioner sustained misdemeanor convictions in Los Angeles and San Bernardino Counties, principally for alcohol-related and license-related driving offenses, together with a 1997 conviction under Cal. Veh. Code § 10851(a) (theft and unlawful taking of a vehicle), a 1996

misdemeanor battery conviction under Cal. Penal Code § 242 and a 2007 misdemeanor battery conviction under Cal. Penal Code § 243(e)(1). *Id.* ¶ 27. Each of those convictions pre-dates the IJ's April 2010 custody decision. *Id.* In addition, Petitioner had felony charges in 1998 in L.A. Super. Ct. No. KA039479, which were dismissed in their entirety under Penal Code § 1385. *Id.*

## II. Discussion

The Petition raises four claims: (1) Petitioner's re-detention without advance notice and a hearing or changed circumstances violated his procedural due process rights; (2) Violation of 8 U.S.C. §§ 1226(a) and 1357(a)(2)—arrest without a valid warrant and detention without an initial custody determination; (3) Violation of the Immigration and Nationality Act ("INA")—Petitioner is not subject to mandatory detention; and (4) violation of the Fifth Amendment—substantive due process. Petitioner seeks immediate release. Respondents have neither filed a notice of appearance nor an answer. The time has passed to comply with the briefing schedule, and so this Petition is deemed unopposed.

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). Earlier this year, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties.

*Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted).

Here, Respondents did not meet this burden as they failed to provide an answer. Their failure to do so constitutes forfeiture of the arguments they *could* have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to oppose the primary relief sought. *See, e.g.*, *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas

petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court grants the Petition and orders Petitioner released.

**IV. Order**

For the foregoing reasons, the Petition is GRANTED.

Petitioner Manuel De Jesus Olivo (A# 074-424-686) is **ordered released** within 24 hours of this Order under the terms and conditions of Petitioner's existing release, as if Petitioner had not been detained. This Order does not provide Petitioner with blanket immunity from future detention – that relief is likely beyond the Court's jurisdiction – but any future enforcement actions after release must comply with Due Process requirements.

At the time of release, **Respondents are ordered** to return to Petitioner any of Petitioner's personal belongings that were seized from him, including all identification, work authorization, or other official documents.

**Respondents are further ordered** to file, within three days of Petitioner's release, a status report (1) confirming Petitioner's release, and (2) the return to Petitioner of his personal belongings, including the above-listed items.

IT IS SO ORDERED.

DATE: November 6, 2026

Patricia Donahue
United States Magistrate Judge